IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

UNITED STATES OF AMERICA,
       *Plaintiff,*

                                                   Criminal Action No.: 3:19CR17-5
vs.                                                Honorable Gina M. Groh

ALLEN CRAIG,
      *Defendant.*

**DEFENDANT'S RESPONSE IN OPPOSITION TO UNITED STATES
MOTION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE
INITIATING THE ANCILLARY PROCEEDING FOR THIRD PARTIES TO
CONTEST FORFEITURE AND COURT'S PRELIMINARY ORDER OF FORFEITURE**

      **COMES NOW**, Defendant, Allen Craig, by and through his Counsel, Kirk H. Bottner, Esquire, and files this Response in Opposition to the United States Motion for Entry of Preliminary Order of Forfeiture Initiating the Ancillary Proceeding for Third-Parties to Contest Forfeiture [Doc No. 346] and the Court's Preliminary Order of Forfeiture [Doc No. 350]. Mr. Craig respectfully requests the Government's motion be denied at this time. In Support, Mr. Craig offers the following:

### I. BACKGROUND

      This case concerns a twenty count Indictment, filed on March 19, 2019, against Mr. Craig and his co-defendants, Armstead William Craig, Sandra Aramburo; Jansen V. Carr; Victor Lamont Carr; Wayne Samuel Ellis Clyburn; Molly Huber; Hopeton Lee Newman, Jr.; and Shawn Kendall Murray. Count One charges that Mr. Craig and his co-defendants did knowingly and intentionally combine, conspire, confederate, agree, and have a tacit understanding together with each other, and with persons known and unknown to the Grand Jury to violate 21 U.S.C. § 841(a)(1) and 21 U.S.C. §§ 846 and 841(b)(1)(C). Count Twenty of the Indictment charges that,

Defendant's Response in Opposition to the United States Motion for
Entry of Preliminary Order of Forfeiture Initiating the Ancillary Proceeding for
Third Parties to Contest Forfeiture and the Court's Preliminary Order of Forfeiture
Page 1 of 4

Mr. Craig did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base; in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## II. ARGUMENT

During the course of Mr. Craig's case, he inquired several times about the forfeiture of his property. Additionally, not all the U.S. Currency Patrolman English located belonged to Mr. Craig. The $162 in U.S. Currency belonged to Lola Price, one of Mr. Craig's roommates, it was part of her social security. The $82 in U.S. Currency belonged to Joseph Lindsey, Mr. Craig's other roommate. The $1,090 in U.S. Currency belonged to Mr. Craig and was mostly change in a change jar with a few bills. Mr. Craig earned this money by making homeopathic teas and selling them to those in need.

Due to Mr. Craig's concern, Defense Counsel inquired of AUSA C. Lydia Lehman as Mr. Craig did not want to sign the plea with the forfeiture language. Defense Counsel was told Mr. Craig's property had already been forfeited by the Federal Bureau of Investigation and was given a case number (19-FBI-005867) by AUSA Lehman. It was not until Defense Counsel reviewed the Motion of the United States for Entry of Preliminary Order of Forfeiture, that Defense Counsel became aware that Mr. Craig's property had not been forfeited. Defense Counsel contacted AUSA L. Danae Demasi-Lemon and was informed that AUSA Lehman was misinformed, and it was actually Armstead Craig's property that had been forfeited by the Federal Bureau of Investigation, not Allen Craig's. Mr. Craig signed the plea agreement under the belief that his property had already been forfeited as Defense Counsel had been informed by AUSA Lehman. Mr. Craig thus wishes to challenge the forfeiture of his $1,090.00.

Defendant's Response in Opposition to the United States Motion for
Entry of Preliminary Order of Forfeiture Initiating the Ancillary Proceeding for
Third Parties to Contest Forfeiture and the Court's Preliminary Order of Forfeiture
Page 2 of 4

### III. CONCLUSION

The Defendant asserts that he challenges the forfeiture of his $1,090.00, and the Government's motion should be denied at this juncture.

Respectively Submitted,
**ALLEN CRAIG**
By Counsel

Prepared By:

/s/ Kirk H. Bottner
**KIRK H. BOTTNER, ESQUIRE**
WV Bar No.: 7128
P.O. Box 344
Charles Town, WV 25414
(304) 728-0158

Defendant's Response in Opposition to the United States Motion for
Entry of Preliminary Order of Forfeiture Initiating the Ancillary Proceeding for
Third Parties to Contest Forfeiture and the Court's Preliminary Order of Forfeiture
Page 3 of 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION**

**UNITED STATES OF AMERICA,**
         *Plaintiff,*

vs.

**Criminal Action No.: 3:19CR17-5
Honorable Gina M. Groh**

**ALLEN CRAIG,**
         *Defendant.*

## CERTIFICATE OF SERVICE

I, Kirk H. Bottner, Esquire, Counsel for the Defendant, hereby certify that I have served a true copy of the foregoing *Defendant's Response in Opposition to the United States Motion for Entry of Preliminary Order of Forfeiture Initiating the Ancillary Proceeding for Third-Parties to Contest Forfeiture and the Court's Preliminary Order of Forfeiture* by using the CM/ECF system which will send notification of such filing to all counsel of record on this 2nd day of March, 2020.

/s/ Kirk H. Bottner
**KIRK H. BOTTNER, ESQUIRE**

Defendant's Response in Opposition to the United States Motion for
Entry of Preliminary Order of Forfeiture Initiating the Ancillary Proceeding for
Third Parties to Contest Forfeiture and the Court's Preliminary Order of Forfeiture
Page 4 of 4